**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ALEXIS PINEDA, AS SURVIVING
SPOUSE OF ROLANDO CHAVEZ,
DECEASED;

 *Plaintiff*,          **Case No.  SA-25-CV-01502-JKP**

v.

FREEDOM MORTGAGE CORPORA-
TION, AND SUBSTITUTE TRUS-
TEES;

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. *ECF No. 15*. Upon consideration, the Motion is **GRANTED**. The case is dismissed, and the Clerk of Court is **DIRECTED** to close the case.

### Background

Plaintiff Alexis Pineda filed this action in state court, and Defendants removed it to this Court. In the Original Petition filed in state court, Pineda sought a Temporary Restraining Order and temporary and permanent injunctive relief seeking to enjoin a pending foreclosure set for October 7, 2025. *ECF No. 1-1*. Pineda received a Temporary Restraining Order from the state court. Defendants removed the case to this Court.

Following removal, Defendants complied with this Court's Standing Order and notified Pineda's counsel of their intent to file this Motion to Dismiss and the basis of this Motion. *ECF*

*No. 15*. Pineda, who is represented by counsel, failed to respond to this Motion to Dismiss or otherwise comply with the Court's Standing Order.

Pineda's counsel, Scott Stiles, later failed to respond to a Show Cause Order from this Court directing him to file a Motion for Pro Hac Vice because he is not licensed to practice in the Western District of Texas. Normally, Scott Stiles's failure to adequately represent his client Alexis Pineda and failure to respond to this Court's Show Cause Order would be grounds for sanctions. However, for the reasons stated below, the Court finds this case should be dismissed. Scott Stiles is cautioned that before he represents any other clients in this federal court, even in cases removed from state court, he must first receive a license to practice in the Western District of Texas.

## Legal Standard

### **Failure to Respond**

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions to dismiss. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

### **Motion to Dismiss**

2

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Com-

plaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

## Discussion

Review of the Petition in the light most favorable to Pineda reveals she failed to state a claim upon which relief can be granted.

In the Petition, Pineda seeks only temporary and permanent injunctive relief enjoining the foreclosure sale set for October 7, 2025. Pineda asserts no other causes of action. The foreclosure sale was enjoined by the state court's Temporary Restraining Order. Therefore, no other substantive cause of action remains.

In the absence of a viable substantive cause of action, injunctive relief is unavailable. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, Ltd. 99 F.3d 746, 752 n. 3 (5th Cir. 1996). A request for injunctive relief is not a cause of action itself but is dependent on an underlying cause of action. *Smith v. Wells Fargo Bank, N.A.*, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014). Because Pineda does not assert a stand-alone and independent cause of action, the requests for injunctive relief must be dismissed.

While a more careful or detailed drafting might overcome the pleading deficiencies, the Court will not provide Pineda another opportunity to amend. Counsel for Defendants complied with this Court's Standing Order regarding Motions to Dismiss pursuant to Federal Rule 12(b)(6) by providing email notification of the proposed deficiencies in pleading, the basis of its proposed Motion to Dismiss under Federal Rule 12(b)(6), the right to amend the pleading, and the deadlines specified in the Standing Order. *See ECF No. 15*. Pineda's counsel, Scott Stiles, did not respond or otherwise file an advisory of any intent to amend the pleading. Scott Stiles failed to respond to this Court's Show Cause Order. Consequently, this Court provided Pineda the best op-

portunity to provide an amended pleading under "the policy of the federal rules." *See Hitt,* 561 F.2d at 608–09.

### Conclusion

Construing the facts as alleged in the light most favorable to Pineda and in consideration of applicable law, Defendants' Motion to Dismiss is **GRANTED**. Pineda's requests for injunctive relief that may be asserted based upon the facts supporting this action are **DISMISSED**.

The Court **withdraws** its referral of all pretrial matters to the assigned Magistrate Judge.

The Clerk of Court is **DIRECTED** to close this case.

It is so ORDERED.
SIGNED this 14th day of April, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

5